IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-189 (1) |
| | § | |
| LETICIA OCHOA-ESTRADA, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER DENYING LETTER MOTION FOR REDUCED SENTENCE

Pending before the Court is a *pro se* letter motion filed by Defendant Leticia Ochoa-Estrada ("Estrada") and received by the Clerk on March 27, 2008. (D.E. 43.) In it, Estrada explains that her "primary concern" is the impact of her incarceration on her three children. She devotes much of her letter to a discussion of their current problems and their well-being during her incarceration. She also complains that she was promised a 108-month sentence based on substantial assistance, but that the United States then did not move for one. (D.E. 43 at 2.) In connection with this claim, she makes a vague reference to her court-appointed counsel, Patrick McGuire, as being constitutionally ineffective. (D.E. 43 at 1-2.) She further explains that she has been rehabilitated and also regained her faith. She requests that the Court give her a "second chance" and asks for her sentence to be vacated, repealed or corrected. (D.E. 43 at 1, 4.)

The Court construes Estrada's motion as requesting a reduction in sentence. This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves

the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Estrada fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter her sentence.

Finally, to the extent that Estrada is complaining about her attorney or that she was promised a reduction in sentence she did not receive, such claims are typically asserted in a motion pursuant to 28 U.S.C. § 2255. Nowhere does her motion reference § 2255, however, and the Court declines to construe her motion as being brought pursuant to § 2255. Cf. Castro v. United States, 540 U.S. 375, 382-83 (2003) (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

Nonetheless, in the event she decides to file a § 2255 motion, the docket reflects that the Clerk has already mailed to Estrada the proper forms for doing so. (See D.E. 43.) The Court reaches no conclusions herein on the timeliness or the merits of any such motion.

## CONCLUSION

For the foregoing reasons, Estrada's letter motion seeking a revised sentence is hereby construed as a motion to reduce sentence (D.E. 43) and is DENIED. To the extent she is attempting

2

to assert a claim of ineffective assistance of counsel, she should do so in a motion pursuant to 28 U.S.C. § 2255, and the proper forms for doing so have been sent to her.

ORDERED this 18th day of April, 2008.

_____
Janis Graham Jack
United States District Judge